\*\*Original filed 6/7/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR E. MENDEZ, | ) | No. C 06-3354 JF (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD |
| vs. | ) ) | NOT BE DISMISSED FOR FAILURE TO EXHAUST |
| JEANNE WOODFORD, | ) ) | STATE REMEDIES |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges in the petition that he has a pending proceeding in the Santa Clara Superior Court.  The Court issues an Order to Show Cause to Petitioner as to why the petition should not be dismissed without prejudice because he has not exhausted his state court remedies.

**STATEMENT**

The instant petition was filed on May 22, 2006.  Petitioner challenges his 2000 criminal conviction in Santa Clara Superior Court.  Petitioner alleges that he presented his claims to the state appellate court and the state supreme court in 2003.  See Petition at 3-5.  Petitioner also indicates that a post-conviction proceeding is currently pending in the Santa Clara Superior Court.  See Petition at 5.

Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.06\Mendez354oscpnd                    1

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b)-(c); see also O'Sullivan v Boerckel, 119 S.Ct 1728, 1730 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims). The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If, for example, an appeal of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue raised in the petition has been finally settled in the state courts. Id.

Here, the petition states that there is a pending appeal, habeas petition, or post-conviction state court proceeding. See Pet. at 5. Accordingly, the Court issues an Order to Show Cause to Petitioner as to why the petition should not be dismissed without prejudice to refiling once he exhausts his pending state court action. Petitioner shall file a response within **thirty days** of the date of this order addressing: (1) whether he has a habeas petition, appeal, or other post-conviction proceeding now pending before the state court; and (2) whether the instant petition challenges the same conviction at issue in his pending state case.

\\\
\\\
\\\
\\\

1  Failure to file a timely response will result in the Court dismissing the instant petition
2  without prejudice for failure to exhaust state court remedies.
3     IT IS SO ORDERED.
4  DATED: ___6/7/06_____
                              JEREMY FOGEL
5                             United States District Judge

1  This is to certify that a copy of this ruling was mailed to the following:

2

3  Arthur E. Mendez
   T-21071
4  CSP -Los Angeles County
   44750 60th Street West
5  Lancaster, CA  93536

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.06\Mendez354oscpnd                4