**Original filed 8/31/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR E. MENDEZ, | ) | No. C 06-3354 JF (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| JEANNE WOODFORD, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges in the instant petition that he has a pending proceeding in the Santa Clara Superior Court.  See Petition at 5.  On June 7, 2006, the Court ordered Petitioner to Show Cause as to why the petition should not be dismissed without prejudice to refiling once he exhausts his pending state court action. The Court directed Petitioner to file a response within thirty days addressing: (1) whether he has a habeas petition, appeal, or other post-conviction proceeding now pending before the state court; and (2) whether the instant petition challenges the same conviction at issue in his pending state case.  The Court notified Petitioner that his failure to file a timely response would result in the Court dismissing the instant petition without prejudice for failure to exhaust state court remedies.

Order of Dismissal
P:\pro-se\sj.jf\hc.06\Mendez354dis               1

1    Prisoners in state custody who wish to challenge collaterally in federal habeas
2 corpus proceedings either the fact or length of their confinement are first required to
3 exhaust state judicial remedies, either on direct appeal or through collateral proceedings,
4 by presenting the highest state court available with a fair opportunity to rule on the merits
5 of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b)-(c); see
6 also O'Sullivan v Boerckel, 119 S.Ct 1728, 1730 (1999) (state's highest court must be
7 given opportunity to rule on claims even if review is discretionary); Larche v Simons, 53
8 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least
9 one opportunity to review state prisoners' federal claims).  The exhaustion requirement
10 applicable to federal habeas petitions is not satisfied if there is a pending post-conviction
11 proceeding in state court.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).
12 If, for example, an appeal of a state criminal conviction is pending, a would-be federal
13 habeas petitioner must await the outcome of his appeal before his state remedies are
14 exhausted, even where the issue raised in the petition has been finally settled in the state
15 courts.  Id.

16    As of the date of this order, Petitioner has not filed a response to the Court's June
17 7, 2006 Order to Show Cause.  Accordingly, the instant petition is DISMISSED without
18 prejudice for failure to exhaust state court remedies as there is a pending proceeding in
19 the Santa Clara Superior Court.
20    IT IS SO ORDERED.
21 DATED: __8/31/06_____       /S/_____
                                    JEREMY FOGEL
22                                  United States District Judge

1  This is to certify that a copy of this ruling was mailed to the following:

3  Arthur E. Mendez
   T-21071
4  CSP -Los Angeles County
   44750 60th Street West
5  Lancaster, CA  93536